IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division
In Admiralty

| | |
|---|---|
| **NORFOLK AND PORTSMOUTH BELT LINE RAILROAD COMPANY,**<br><br>**Plaintiff,**<br><br>v.<br><br>**M/T MACKENZIE ROSE, her cargo, engines, boilers, tackle, equipment, apparel, and appurtenances, etc.,** *in rem*,<br><br>and<br><br>**COEYMANS MARINE TOWING, LLC,** *in personam*,<br><br>and<br><br>**CARVER MARINE TOWING, LLC,** *in personam.*<br><br>**Defendants.** | **Civil Action No:** _____ |

## **VERIFIED COMPLAINT IN ADMIRALTY**

Plaintiff Norfolk and Portsmouth Belt Line Railroad Company ("Belt Line"), by counsel, states as follows for its Complaint in Admiralty against the M/T MACKENZIE ROSE, her cargo, engines, boilers, tackle, equipment, apparel, and appurtenances, etc., *in rem*, Coeymans Marine Towing, LLC ("CMT"), *in personam*, and Carver Marine Towing, LLC ("Carver"), *in personam*:

*Jurisdiction and Venue*

1. This is a case of admiralty and maritime jurisdiction arising out of a vessel allision with a railroad bridge. This is also an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Rule C of the Supplemental Admiralty Rules.

This Court has original admiralty jurisdiction pursuant to 28 U.S.C. § 1333 and federal question jurisdiction pursuant to 28 U.S.C. § 1331. Alternatively, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

2. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391.

*Parties*

3. At all times relevant hereto, the Belt Line was and is a railroad company organized and existing under the laws of the Commonwealth of Virginia with its principal place of business at 1340 Truxton Street, Chesapeake, Virginia.

4. Upon information and belief, the M/T MACKENZIE ROSE (IMO No. 8968765) is a U.S. flagged steel hull tugboat, approximately 96.4 feet in length  The M/T MACKENZIE ROSE is subject to jurisdiction in this Court because it carried out business and caused damage in the Commonwealth of Virginia.

5. At all times relevant hereto, CMT was and is a limited liability company organized under the laws of New York with its principal place of business at 2170 River Road, Coeymans, New York. Upon information and belief, at all times relevant hereto, CMT owned, operated, managed, chartered, and/or controlled the M/T MACKENZIE ROSE.

6. At all times relevant hereto, Carver was and is a limited liability company organized under the laws of New York with its principal place of business at 2170 River Road, Coeymans, New York. Upon information and belief, Carver is the parent company or affiliate of CMT and, at all times relevant hereto, operated, managed, chartered, and/or controlled the M/T MACKENZIE ROSE.

*Background*

7. The Belt Line is the owner of the Norfolk and Portsmouth Belt Line Railroad Company Main Line Railroad Bridge (the "Bridge"), which crosses the Southern Branch of the Elizabeth River between the cities of Chesapeake and Portsmouth, Virginia. The Bridge is a single-track railroad vertical lift bridge and remains in the open position such that vessel traffic may pass underneath it, except when lowered to allow trains to pass. *See* 33 C.F.R. § 117.997.

8. On or about June 15, 2024, the M/T MACKENZIE ROSE was transiting north on the Southern Branch of the Elizabeth River in the vicinity of the Bridge upon the navigable waters of the United States. The M/T MACKENZIE ROSE was pushing ahead a 200-foot unmanned deck barge owned by Weeks Marine named WEEKS 281. A view of the approach is shown below.



View of approach from South to North

9. While approaching the Bridge, the M/T MACKENZIE ROSE made up in, pushing gear to the barge WEEKS 281, negligently and recklessly deviated outside the navigational channel underneath the lift section of the Bridge, causing the flotilla to allide with the western section of the Bridge (the "Allision").

10. At the time of the Allision, the Bridge was in the open position and did not impede or otherwise restrict access to the navigational channel underneath the lift section.

11. Upon information and belief, the M/T MACKENZIE ROSE and/or those in charge

3

of her, including CMT and Carver, failed to navigate and operate with due regard for prevailing circumstances; failed to properly direct the movements of the M/T MACKENZIE ROSE so as to prevent the Allision; failed to use all available means appropriate to the prevailing circumstances and conditions to determine if risk of allision existed; failed to make proper use of equipment to assess the risk of allision and failed to avoid the Bridge; used an AutoPilot system known to be defective; failed to keep and maintain an alert and efficient lookout; misjudged the distance between the M/T MACKENZIE ROSE and the Bridge during approach; navigated too closely to the Bridge; failed to keep the M/T MACKENZIE ROSE under control so as to be able to stop the flotilla from striking the Bridge; failed to take into consideration the effects of the times, currents, or wind; proceeded at an excessive rate of speed under the circumstances; and failed to take timely or effective steps to avoid striking the fendering system and Bridge.

12. Upon information and belief, the M/T MACKENZIE ROSE and those in charge of her, including CMT and Carver, negligently and recklessly failed to alert or notify the local Coast Guard and the Belt Line of the Allision before departing as required by 46 C.F.R. § 4.05-1, thereby preventing prompt investigation and timely drug/alcohol testing of the crew.

13. CMT and Carver, as owners and operators of the M/T MACKENZIE ROSE, are vicariously liable for the damage caused by the M/T MACKENZIE ROSE and those in charge of the M/T MACKENZIE ROSE as a result of the Allision, and the M/T MACKENZIE ROSE is liable *in rem*.

14. The Allision was not due to any fault of neglect on the part of the Belt Line, its agents, servants, or employees, and was not due to any fault or defect in the Bridge.

15. As a result of the Allision, the Bridge was severely damaged, rendering it unfit for train service. The Belt Line has incurred and will incur substantial expenses in making all

necessary repairs to the Bridge, as well as damages arising from the loss of use of the Bridge.

16. The damage to the Bridge has harmed the Belt Line in an amount far in excess of $75,000, as near as can now be determined.

WHEREFORE, Plaintiff Norfolk and Portsmouth Belt Line Railroad Company, by counsel, prays that this Court enter Judgment in the Belt Line's favor in the full amount of its damages against the M/T MACKENZIE ROSE, her cargo, engines, boilers, tackle, equipment, apparel, and appurtenances, etc., *in rem*, Coeymans Marine Towing, LLC, *in personam*, and Carver Marine Towing, LLC, *in personam*, together with pre-judgment and post-judgment interest, disbursements, and costs, and grant the Belt Line all other just and necessary relief.

Dated: June 25, 2024

NORFOLK AND PORTSMOUTH BELT LINE RAILROAD COMPANY

By: /s/ *James L. Chapman, IV*
James L. Chapman, IV, VSB No. 21983
W. Ryan Snow, VSB No. 47423
Alexander R. McDaniel, VSB No. 92398
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1923
Norfolk, Virginia 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735
jchapman@cwm-law.com
wrsnow@cwm-law.com
amcdaniel@cwm-law.com
*Attorneys for Norfolk and Portsmouth Belt Line Railroad Company*

## VERIFICATION

I, Cannon Moss, President and General Manager of the Norfolk and Portsmouth Belt Line Railroad Company, swear and attest that I am familiar with the allegations in the foregoing Verified Complaint and that the allegations contained therein are true and accurate to the best of my knowledge and belief.

_____
Cannon Moss

STATE OF VIRGINIA )
)
CITY OF CHESAPEAKE )

The foregoing was acknowledged before me on __June 25__, 2024 by Cannon Moss who is [✓] known to me or [ ] provided _____ as identification, and who affirmed that he is authorized to sign this document on behalf of the Norfolk and Portsmouth Belt Line Railroad Company.

___Nila D. Faison___ [SEAL]
Notary Public

My commission expires: __1-31-2028__
Registration number: __195808__

NILA D. FAISON
Notary Public
Commonwealth of Virginia
Registration No. 195808