IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division
In Admiralty

| | |
|---|---|
| **NORFOLK AND PORTSMOUTH BELT LINE RAILROAD COMPANY,** <br><br> Plaintiff, <br><br> v. <br><br> **JAMES MORRISSEY,** <br><br> Defendant. | Civil Action No: 2:24-cv-00407 |

## VERIFIED AMENDED COMPLAINT IN ADMIRALTY

Plaintiff Norfolk and Portsmouth Belt Line Railroad Company ("Belt Line"), by counsel, states as follows for its Complaint in Admiralty against James Morrissey ("Defendant"):

*Jurisdiction and Venue*

1. This is a case of admiralty and maritime jurisdiction arising out of a vessel allision with a railroad bridge upon the navigable waters of the United States. This is also an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This Court has original admiralty jurisdiction pursuant to 28 U.S.C. § 1333 and federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391.

*Parties*

3. At all times relevant hereto, the Belt Line was and is a railroad company organized and existing under the laws of the Commonwealth of Virginia with its principal place of business in Chesapeake, Virginia.

4. At all times relevant hereto, Defendant James Morrissey was and is an individual

who was the vessel master onboard the M/T MACKENZIE ROSE at the time of the Allision described below. Upon information and belief, Defendant Morrissey is a citizen of New York where he resides.

*Background*

5.  The Belt Line is the owner of the Norfolk and Portsmouth Belt Line Railroad Company Main Line Railroad Bridge (the "Bridge"), which crosses the Southern Branch of the Elizabeth River between the cities of Chesapeake and Portsmouth, Virginia. The Bridge is a railroad vertical lift bridge and remains in the open position such that vessel traffic may pass underneath it, except when lowered to allow trains to pass. *See* 33 C.F.R. § 117.997.

6.  The M/T MACKENZIE ROSE (IMO No. 8968765) is a U.S. flagged tugboat registered under the laws of New York, approximately 96 feet in length overall.

7.  On or about June 15, 2024, Defendant Morrissey was operating the M/T MACKENZIE ROSE as the tug transited north on the Southern Branch of the Elizabeth River in the vicinity of the Bridge upon the navigable waters of the United States. The M/T MACKENZIE ROSE was pushing ahead a 200-foot deck barge owned by Weeks Marine named WEEKS 281. A view of the approach is shown below.


View of approach from South to North

8.  While approaching the Bridge, Defendant Morrissey negligently and recklessly operated the M/T MACKENZIE ROSE, pushing the WEEKS 281, outside the western edge of the

2

navigational channel and allided with the western section of the Bridge (the "Allision").

9. At the time of the Allision, the Bridge was in the open position and did not block or otherwise restrict access to the navigational channel.

10. At the time of the Allision, Defendant was the vessel master onboard the M/T MACKENZIE ROSE.

11. Upon information and belief, Defendant failed to navigate and operate with due regard for prevailing circumstances; failed to properly direct the movements of the M/T MACKENZIE ROSE so as to prevent the Allision; failed to use all available means appropriate to the prevailing circumstances and conditions to determine if risk of allision existed; failed to make proper use of equipment to assess the risk of allision and avoid the Bridge; employed an autopilot system known to be defective; failed to keep and maintain an alert and efficient lookout; misjudged the distance between the M/T MACKENZIE ROSE and the Bridge during approach; navigated too closely to the Bridge; failed to keep the M/T MACKENZIE ROSE under control so as to be able to stop the M/T MACKENZIE ROSE from striking the Bridge; failed to take into consideration the effects of the tides, currents, or wind; proceeded at an excessive speed under the circumstances; and failed to take timely or effective steps to avoid striking the Bridge.

12. Upon information and belief, Defendant negligently and recklessly failed to notify the local Coast Guard and the Belt Line of the Allision before departing as required by 46 C.F.R. § 4.05-1.

13. The Allision was not due to any fault of neglect on the part of the Belt Line, its agents, servants, or employees, and was not due to any fault or defect in the Bridge.

14. As a result of the Allision, the Bridge was severely damaged. The Belt Line has incurred substantial expenses and will incur additional expenses in making all necessary repairs to

the Bridge, as well as economic and business losses arising from the inability to use the Bridge.

15. The damage to the Bridge has harmed the Belt Line in an amount in excess of $12,000,000, as near as can now be determined.

16. On August 8, 2024, Coeymans Marine Towing, LLC d/b/a Carver Marine Towing, as the owner of the M/T MACKENZIE ROSE, filed a Complaint for Exoneration from or Limitation of Liability in this Court as Civil Action No. 2:24-cv-490. The Belt Line has filed a claim and answer in the Limitation Action. *See* ECF 24 and 25 in Civil Action No. 2:24-cv-490.

17. By statute, a complaint for exoneration from or limitation of liability "does not affect the liability of an individual as a master, officer, or seaman, even [if] the individual is also an owner of the vessel." 46 U.S.C. § 30530.

WHEREFORE, Norfolk and Portsmouth Belt Line Railroad Company, by counsel, prays that this Court enter judgment in the Belt Line's favor in the full amount of its damages against Defendant James Morrissey, together with pre-judgment and post-judgment interest, expenses, punitive damages, and costs, and grant the Belt Line all other just relief.

Dated:  December 19, 2024

NORFOLK AND PORTSMOUTH BELT
LINE RAILROAD COMPANY

By: */s/ James L. Chapman, IV*
James L. Chapman, IV, VSB No. 21983
W. Ryan Snow, VSB No. 47423
Mackenzie R. Pensyl, VSB 100012
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1923
Norfolk, Virginia 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735
jchapman@cwm-law.com
wrsnow@cwm-law.com
mpensyl@cwm-law.com
*Attorneys for Norfolk and Portsmouth Belt Line Railroad Company*

## VERIFICATION

I, Cannon Moss, President and General Manager of the Norfolk and Portsmouth Belt Line Railroad Company, affirm that I am familiar with the allegations in the foregoing Verified Amended Complaint and that the allegations contained therein are true and accurate to the best of my knowledge and belief.

_____
Cannon Moss

STATE OF VIRGINIA         )
                          )
CITY OF CHESAPEAKE        )

The foregoing was acknowledged before me on __December 19__, 2024 by Cannon Moss who is [✓] known to me or [ ] provided _____ as identification, and who affirmed that he is authorized to sign this document on behalf of the Norfolk and Portsmouth Belt Line Railroad Company.

_____ [SEAL]
Notary Public

My commission expires: __04/30/2027__
Registration number: __8058614__

Lisa Grubbs Hamaker
NOTARY PUBLIC
Commonwealth of Virginia
Reg. # 8058614
My Commission Expires 04/30/2027

5