IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division
In Admiralty

| | |
|---|---|
| **NORFOLK AND PORTSMOUTH BELT LINE RAILROAD COMPANY,**<br><br>                           **Plaintiff,**<br><br>           v.<br><br>**JAMES MORRISSEY**<br><br>                           **Defendant.** | Civil Action No: 2:24-cv-00407 |

**JOINT STATUS REPORT**

Pursuant to the Court's notice dated December 4, 2024 (ECF 14), Plaintiff Norfolk and Portsmouth Belt Line Railroad Company ("Belt Line") and Intervening Plaintiff Evanston Insurance Company ("Evanston"), by counsel, for their joint status report, state as follows:

1. On June 25, 2024, the Belt Line filed its Verified Complaint in Admiralty in this case against the M/T MACKENZIE ROSE, her cargo, engines, boilers, tackle, equipment, apparel, and appurtenances, etc., *in rem*; Coeymans Marine Towing, LLC, *in personam*; and Carver Marine Towing, LLC, *in personam*, for damages to the Belt Line's Main Line Railroad Bridge caused by an allision of the M/T MACKENZIE ROSE with the bridge. *See* ECF 1.

2. On September 25, 2024, Evanston, as subrogee of the Belt Line, filed its Intervening Complaint in Admiralty against the M/T MACKENZIE ROSE, her cargo, engines, boilers, tackle, equipment, apparel, and appurtenances, etc., *in rem*; Coeymans Marine Towing, LLC, *in personam*; and Carver Marine Towing, LLC, *in personam*, for damages to the Belt Line's Main Line Railroad Bridge caused by the allision.

3. On July 17, 2024, the *in personam* defendants agreed to waive service of process

of the Complaint filed by the Belt Line, and therefore had until September 15, 2024 to file responsive pleadings. On October 7, 2024, the *in personam* defendants agreed to waive service of process of the Intervening Complaint filed by Evanston, and therefore had until December 3, 2024 to file responsive pleadings. No defendant filed responsive pleadings to either complaint.

4. Instead, on August 8, 2024, Coeymans Marine Towing, LLC d/b/a Carver Marine Towing, as the owner and operator of the M/T MACKENZIE ROSE, filed a Complaint for Exoneration from or Limitation of Liability in this Court as Civil Action No. 2:24-cv-490, assigned to Chief Judge Mark S. Davis ("Limitation Action").

5. On October 23, 2024, this Court entered an Order in the Limitation Action restraining, staying, and enjoining all proceedings against "the Petitioner, its insurers, and/or the M/T MACKENZIE ROSE" arising out of the allision at issue, except through the Limitation Action or as otherwise allowed by law. *See* ECF 13 in Civil Action No. 2:24-cv-490. In particular, the Order states:

> IT IS FURTHER ORDERED that the further prosecution of any and all actions, suits and proceedings already commenced and the commencement or prosecution hereafter of any and all suits, actions, or proceedings of any nature and description whatsoever in any Court of any jurisdiction, administrative body, or otherwise, against the Petitioner, its insurers, and/or the M/T MACKENZIE ROSE, and the taking of any steps and the making of any motion in such actions, suits or proceedings except in this action, to recover damages for or in respect to the aforesaid incident in the Complaint, be and they hereby are restrained, stayed and enjoined until the hearing and determination of this action, and all warrants of arrest of the M/T MACKENZIE ROSE and/or attachment issued or sought in such other suits, actions or legal proceedings be and the same are hereby dissolved and further warrants of arrest of the M/T MACKENZIE ROSE and/or attachment are hereby prohibited; . . .

6. By statute, a complaint for exoneration from or limitation of liability "does not affect the liability of an individual as a master, officer, or seaman, even [if] the individual is also an owner of the vessel." 46 U.S.C. § 30530.

7. Accordingly, contemporaneous with this Status Report, the Belt Line is filing an

Amended Complaint solely against James Morrissey, the vessel master operating the M/T MACKENZIE ROSE at the time of the allision. Evanston intends to similarly file an Amended Intervening Complaint against James Morrissey.

8. For the sake of judicial economy, the Belt Line and Evanston further anticipate filing a Motion to Consolidate this case with the Limitation Action for all purposes, including discovery and trial, and will address the issue at the to-be-scheduled Initial Pretrial Conference in the Limitation Action.

9. The Belt Line and Evanston will provide further updates as the Court desires.

Dated: December 19, 2024

NORFOLK AND PORTSMOUTH BELT LINE RAILROAD COMPANY

By: /s/ *James L. Chapman, IV*
James L. Chapman, IV, VSB No. 21983
W. Ryan Snow, VSB No. 47423
Mackenzie R. Pensyl, VSB 100012
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1923
Norfolk, Virginia 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735
jchapman@cwm-law.com
wrsnow@cwm-law.com
mpensyl@cwm-law.com
*Attorneys for Norfolk and Portsmouth Belt Line Railroad Company*

/s/ Zachary M. Jett
Zachary M. Jett, Esq. (VSB #93285)
Butler Weihmuller Katz Craig LLP
11525 N. Community House Road, Suite 300
Charlotte, North Carolina  28277
(704) 543-2321 (Telephone)
(704) 543-2324 (Facsimile)
zjett@butler.legal
*Counsel for Evanston Insurance Company, a/s/o Norfolk and Portsmouth Belt Line Railroad Company*